JERRY GARVEY *v.* JOEL GARVEY ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—622.]

**Indorsement Becomes a Part of a Contract.**

> Where one conveys land to his son, taking a note for the purchase-money to become due several years thereafter, and about one and a half years thereafter by agreement between the father and son the father wrote across the back of such note that "This note is not to be paid in my lifetime but to bear six per cent. interest in the place of ten per cent. This 30th of December, 1868," and signed the same, the indorsement creates a new contract and is a part of the note and the original transaction.

**Attachment for Debt Not Due.**

> Where the debt for which property is attached is not due, and the clerk granted the attachment, such property was properly discharged from it.

APPEAL FROM OWEN CIRCUIT COURT.

January 25, 1883.

OPINION BY JUDGE PRYOR:

Jerry Garvey, Sr., sold to his son a tract of land in the county of Owen for the sum of $7,400, and took from him his notes for the purchase-money, executing at the same time to the son a convey- ance without retaining a lien for the purchase-money. One of the purchase-money notes was for $1,850.25, executed on the 1st of March, 1867, and due on the 1st of March, 1871. In December, 1868, about one year and nine months after this note was given, this indorsement was made on the back of the note: "This note is not to be paid in my lifetime but to bear six per cent. interest in the place of ten per cent. This 30th of December, 1868. Signed. J. Garvey, Sr."

Some time after this the son, Joel T. Garvey, sold and conveyed this land to two of his (Joel T. Garvey's) sons, and the father, Jerry Garvey, filed his petition in equity asking for a judgment for his note and alleging that the conveyance to the sons of Joel Garvey was fraudulent, and done to hinder and delay creditors. Other grounds for an attachment were alleged not necessary to be noticed. The attachment was issued and levied, and upon the final hearing the petition was dismissed and the attachment discharged, from which Jerry Garvey appeals. The appellee, Joel Garvey, and his sons controverted the grounds of the attachment, and Joel pleaded that the note was given to him as an advancement, and that he made the purchase upon that condition and no other, stating at the time that he was unable to pay for the land in any other way. There is no mistake or fraud alleged in the execution of the note or the deed, and if there had been the proof outside of the writing conduced to show that it was not a gift or an advancement. There never was any delivery of the note to Joel Garvey, and there is a want of proof sustaining his theory of the case. It is further al- leged as a defense, however, that the note is not due and that by the terms of the contract it was not to become payable until after the death of the obligee. This we think is shown by the testi- mony of old man Garvey, the appellant, and while there is no fraud nor mistake alleged in the execution of the original note, it clearly appears that it was not to become due until after the death of the old man, and in order to make the writing express the real contract the indorsement was made. This was a sufficient consideration for the entry on the back of the note, and that entry became a part of

the note and expresses the real contract between the parties; and having been made by the obligee it was not necessary to allege any mistake. The appellant not only admits what the contract was, but places it in writing under his signature, and it in that way becomes a part of the original transaction.

The rate of interest was changed by the indorsement, and this is the only change made in the original contract by it. The note was not intended as an advancement, because the old man required the son to account for the interest, and the proof shows he was not certain as to the advancements he had made, but expressed his belief that after his death the part of the estate going to Joel would likely discharge the note, but he never contemplated surrendering his control over it, nor placing the debt in such a condition as to prevent his personal representative from recovering it, if it became necessary to do so. The attempt by the appellee to convey the land to his two sons may have been and doubtless was in fraud of the rights of the appellant, but as the debt was not due and the attachment was granted by the clerk it was properly discharged, and this case would be affirmed but for the judgment below determining that the note was an advancement, the case having been adjudged for the appellee upon that ground alone. The judgment must be *reversed* and the cause is remanded with directions to discharge the attachment and dismiss the action without prejudice.

*Geo. C. Drane, for appellant.*

*D. W. Lindsay, J. H. Dorman, Green & Lindsay, for appellees.*